## THE STATE v. HINKSON.

1. When an account against the State is certified to the Auditor of Public Accounts, it is only conclusive on the Auditor as to the correctness of the statements therein made, and it is the right and duty of the Auditor to decide whether the State or the county is required to pay the whole or any part of such account. It is his duty to see that no illegal demands are paid by the State.

2. Each county is required to keep a good and sufficient jail, and there is no law subjecting the State to any charge for guarding county jails.

Error to the Circuit Court of Washington county.

BRICKEY for the State.

COLE for the Defendant.

*Opinion of the Court, delivered by Tompkins, Judge.*

The State of Missouri sued Hinkson in the circuit court of Washington county, when judgment being given for Hinkson, she sues out her writ of error to reverse that judgment.

Hinkson was sheriff of Washington county, and was sued by the State on his official bond; and it is assigned as a breach, that he retained in his hands $594.74 of moneys belonging to the State. Hinkson set off a demand against the State of $659.75, for fees and charges for the keeping Edward Wideman, in the years of 1831 and 1832, who had been indicted in the circuit court of Washington county for murder. This allowance had been made to the person who was sheriff in those years, and it was admitted that Hinkson

MAY TERM.
1842.

The State
v.
Hinkson.

was entitled to the same credit on account of that allowance, that the then sheriff was. This account had been presented to the auditor of public accounts, and he had rejected it. The allowance to the sheriff for keeping a prisoner, that is, his board, is thirty-seven and a half cents per day; and if it be admitted that the prisoner was kept in confinement two years, the sheriff would not on that account have been entitled to the half of what has been allowed him. We must suppose then that a guard was employed by the sheriff, and that the pay of the guard is charged to the State. It cannot otherwise be conceived how his account should have been run up to such an amount. If this be the case it is clear that the State is not liable. The act of 30th of December, 1824, (see Digest, page 414,) declares *that the* expenses of a guard (when necessary) shall be audited and paid as the other county expenses. Each county is required to keep in good and sufficient repair a common jail. (See 1st section of same act, p. 410.) To the same purpose is the act of 1835. (See sections 1 and 23, of the act on pages 135 and 137 of the Digest of the year 1835.) It is the opinion of every member of this court that when an account is

When an account against the State is certified to the Auditor of Public Accounts, it is only conclusive on the auditor as to the correctness of the statements therein made, and it is the right and duty of the auditor to decide whether the State or the county is required to pay the whole or any part of such account. It is his duty to see that no illegal demands are paid by the State.

certified to the auditor as the law requires, it is only conclusive on the auditor as to the correctness of the statements therein made : But it is equally the opinion of each member of this court, that it is the right and duty of the auditor to decide whether the county or the State ought to pay the whole or any part of such account. He is the immediate agent of the State; and as such it is his duty to guard its interests, and see that no improper demands are paid by the treasury. Should the auditor refuse to allow a just account, the creditor of the State must resort to some judicial tribunal having jurisdiction of the subject matter. Cases have occurred in which the auditor has refused to allow accounts certified by the supreme court of this State, but they do not appear to have been reported. The law at that time did not require all the cases decided to be reported. I well recollect that a mandamus issued to the auditor, and that the court re-examined the account assisted by the advice of the attorney general, and in all respects treated the

matter as an appeal from the decision of the auditor. The
aw of 1837 requires the clerk of the circuit court to make
out under the direction of the circuit judge and of the circuit
attorney, a full statement of all the costs incurred in cases
where the state is liable to pay costs; and this statement is
required to be signed by the judge and circuit attorney, and
the auditor is required to audit and adjust the same, and draw
his warrant, for the amount by him allowed, on the treasu-
rer.   But it could not be for a moment supposed that the
auditor ought to have allowed the charge for a guard to the
jail, even though the accounts were certified by the judge,
and circuit attorney.   Their cirtificate was intended to as-
certain the truth of the facts only, as whether such costs
and charges were incurred.   But if by negligence or mis-
take they charge to the State what the State is not bound to
pay, it is the duty of the auditor to reject so much of such
accounts as is improperly charged to the State.

The State
v.
Hinkson.

Each coun-
ty is requir-
ed to keep a
good and suf-
ficient jail,
and there is
no law sub-
jecting the
State to any
charge for
guarding
county jails.

The act declares indeed that all accounts so certified shall
be a sufficient voucher for the auditors warrant, but it did
not intend that he ought to draw his warrant, whether the
costs allowed were legal or illegal.

The judgment is reversed and the cause remanded.