State ex rel. McMurty v. Auditor.

THE STATE *ex rel.* JAMES S. MCMURTRY, Petitioner, *v.* ALONZO THOMPSON, STATE AUDITOR, Respondent.

1. *General Assembly — Compensation — Auditor.*—The members of the General Assembly are entitled to pay only for the days they serve; and where, by a concurrent resolution of the Senate and House of Representatives, both Houses took a recess or adjourned for several days, the members are not entitled to pay during such recess. The Auditor may inquire into the legality of the Speaker's warrant.

*Petition for Mandamus.*

WAGNER, Judge, delivered the opinion of the court.

This is a petition for a *mandamus* against the State Auditor. The relator states that he is a member of the House of Representatives from the county of Wayne, duly elected and qualified, and that he is entitled to compensation for his services as Representative as aforesaid in the sum of five dollars per day, according to the provisions of an act entitled " An act fixing the *per diem* and mileage of members of the General Assembly of the State of Missouri," approved Feb. 15, 1865. The relator further states that on the 10th day of January, 1866, he presented to the Auditor his account for services as a member of the House of Representatives for nineteen days, from the 21st day of December, 1865, to the 8th day of January, 1866, which account was for the sum of ninety-five dollars, properly audited by the Committee on Accounts, and attested by the Speaker and Chief Clerk of the House, and that the Auditor refused and still refuses to draw his warrant on the treasury therefor. The answer of the Auditor in substance states that there is no law authorizing him to draw the warrant, and that the relator did not serve as a member of the House during the period designated in the account; that the Legislature adjourned from the 21st of December to the 8th of January, and was not in session during the time intervening between these days.

The whole question here to be determined is the proper construction to be given to the act fixing the pay of the Gen-

eral Assembly. But as the relator's counsel, in his brief, has raised the point whether the Auditor has any right to go behind the Speaker's warrant, and whether the same should not be held conclusive, we will state preliminarily. that he has such right without there is a law making such warrant or certificate conclusive. (State v. Hinckson, 7 Mo. 353; Morgan v. Buffington, 21 Mo. 549.) The law fixing the *per diem* and mileage of the members of the General Assembly provides that the members "shall receive as compensation for their services the sum of five dollars per day for each and every day they may serve as such"; and by a concurrent resolution passed by the Senate and House of Representatives, it was resolved that the General Assembly adjourn on the 20th day of December, 1865, until the 8th day of January, 1866, to give the members an opportunity of spending the holidays with their families; and it was also provided that no member should receive mileage during the recess. It is evident that the Legislature did not consider it an adjournment in the proper sense of that word, for they are unquestionably entitled to mileage in attending an adjourned session. The plain intent and meaning was that they should take a recess, and their meeting should be a continuation of the same session.

Cushing says that Sundays and other days mentioned, being legislative days, or not according to the determination of the Assembly, they are always reckoned as a part or so many days of the session, and the members draw their daily pay for these as much as for any other days; and when it is provided in the Constitution that neither House shall adjourn for more than a given number of days without the consent of the other—that the Executive shall return a bill within a certain number of days,—these days are included in the computation. (Cush. Law Prac. of Legis. Assem., § 357.) Therefore, when the Legislature is actually in session, an adjournment for the time or purposes above specified will not be sufficient to interrupt the session, and the members will be entitled to pay.

But the question is, are the members serving as such when they adjourn the Legislature and go home to spend the recess with their families, or attend to their own private business? Can they be constructively in session in such a case, and render such service as to enable them to get pay from the State? If they can adjourn for three weeks for such purpose, why not three months as well?

We have nothing to guide us in this determination but the plain meaning and import of the act. It seems too clear for cavil; it can have but one natural or consistent interpretation. The members shall receive as compensation for their services the sum of five dollars per day for each and every day they may serve as such.

The fact is indisputable, that when they adjourn and go home to enjoy the association and companionship of their families, or it may be to attend to their mere private business affairs, they are not serving as such, so as to entitle them to pay from the State.

The peremptory *mandamus* is therefore refused. The other judges concur.