# CASES

## ARGUED AND DETERMINED

IN

# THE SUPREME COURT

OF

## THE STATE OF MISSOURI,

### MARCH TERM, 1867, AT ST. LOUIS.

[CONTINUED FROM VOL. XL.]

———|◦◦◦|———

STATE *ex rel.* PETER P. DAILY, Petitioner, *v.* ALONZO THOMPSON, State Auditor, Respondent.

*Revenue—Expenditures—Officers—Auditor—Accounts.*—By the statute, G. S. 1865, ch. 10, the Auditor is made the general accountant of the State as to all claims payable out of the treasury, excepting only such claims as are expressly required by law to be audited and settled by other persons. A claim for costs for services rendered by the clerk of the St. Louis Criminal Court, although duly certified by the judge of that court and the circuit attorney, does not come within the class of excepted cases, and the Auditor may go behind the certificate and refuse to audit the claim. (See Morgan v. Buffington, 21 Mo. 549; State ex rel. McMurtry v. Auditor, 37 Mo. 176.)

### Application for Mandamus.

*Isaac T. Wise*, for petitioner.

*R. F. Wingate*, for respondent.

FAGG, Judge, delivered the opinion of the court.

This is an application for a mandamus upon the State Auditor, made by Peter P. Daily, clerk of the Criminal

2—VOL. XLI.

Court of St. Louis county, requiring him to audit and settle a bill of costs accompanying the petition, and to draw his warrant therefor. The bill of costs is shown to have been approved and duly certified by the judge of said court and the circuit attorney for St. Louis county in the manner required by law.

The question presented for determination arises upon a demurrer to the petition, and the facts upon which the application is made are therefore to be taken as true. This question is analogous to the one decided by this court in the case of Morgan v. Buffington, 21 Mo. 549. In that case, the petitioner, being a member of the House of Representatives, presented his claim for services in that capacity, duly made out and certified by the speaker and clerk of the House in the manner prescribed by the statute. It was claimed that the account was to be taken as audited, and that the Auditor had no right or power to go behind this certificate and inquire into the correctness of the claim. It was held by the court, that from the very nature of his office, and the powers and duties conferred upon him by law, there was no doubt of his authority to do this. This position was also taken in the case of the State ex rel. McMurtry v. Auditor, in 37 Mo. 176. The power of the Legislature to make a voucher conclusive upon the Auditor so as to require him, without an investigation, to draw his warrant upon the Treasurer, was not denied.

By the express terms of the statute the Auditor is made "the general accountant of the State." He is required to "audit, adjust and settle all claims against the State, payable out of the treasury, except only such claims as may be expressly required by law to be audited and settled by other officers and persons"—G. S. p. 86, §§ 10 & 13, ch. 10. The 31st section of the same chapter provides as follows: "If any person interested shall be dissatisfied with the decision of the Auditor on any claim, account or credit, the Auditor shall, at the request of such person, certify his decision, with his reasons therefor, specifying the items reject-

ed, if less than the whole, under the seal of his office, and refer the same to the General Assembly." These preliminary matters have been set out for the purpose of showing the extent of the powers conferred upon this officer by law. In the very nature of the case they are large, and cover every class of claims against the State unless otherwise expressly provided for by law. The wording of the statute is peculiar, and leaves no room to imply the power of any other officer or person. His duties and responsibilities in guarding the expenditure of the money belonging to the State are so weighty, and the necessity for their proper performance so directly pressing upon him, as to leave no room for implication. Whenever, therefore, it is intended that a claim against the State shall be audited by a different person or officer, so as to take away the general power and responsibility from the Auditor, it must be made to appear by the plain and express provisions of a legal enactment.

This is a power, of course, which the Auditor cannot exercise in an arbitrary manner, so as to defeat the payment of a just claim against the State. The law expressly provides for a reference of the matter to the General Assembly in every case where there is a refusal on the part of the Auditor to allow the demand and draw his warrant therefor. This may not be as speedy a way of obtaining justice as a party might desire, but still it is the way pointed out by the statute, and which he may pursue or not at his pleasure. It is, however, not the only remedy ; for a party may still resort to the courts to compel the Auditor to allow the claim and draw a warrant therefor, if it can be shown to be such as the laws of the State will authorize the payment of.

Upon the case presented here, we do not feel called upon to examine this claim for the purpose of ascertaining whether it ought to be allowed or not. The only point is, whether it comes within the reasoning of the court in the cases referred to as heretofore decided. The certificate of the judge or circuit attorney is required to set out specifically certain facts in reference to such claims, among which is the fact

that the services set out in the bill of costs were rendered, and that compensation for the same is given by law. This is held to be a judicial determination of the correctness of the claim, and sufficient to conclude the Auditor from any further investigation of the facts. If this provision stood alone it might go very far towards establishing such a conclusion ; but, taking it in connection with the sections of the statute hereinbefore quoted, we conceive the true intent of the law to be simply to furnish him with the testimony of the parties who from their official positions are presumed to have a correct knowledge of such facts, and whose duty it is made to certify them correctly. The substantial part of such a certificate, at last, is the statement that the services charged for have actually been rendered. It is evidently the intention of the statute to furnish this sort of proof as the most convenient and reliable that the case admits of, and at the same time to provide a check upon the clerks in charging for services which in point of fact may not have been rendered at all, and which might nevertheless be allowed and paid for but for the required examination. It is not, in our judgment, one of the claims "*expressly required by law to be audited and settled by other officers and persons*" within the meaning of sec. 13, ch. 10, of the Gen. Stat., and the Auditor is not concluded by the certificate.

The demurrer must therefore be sustained. The other judges concur.