## MOREN, Lieut. Gov., vs. BLUE.

[ APPEAL FROM ORDER GRANTING MANDAMUS. ]

1. *Per diem, compensation ; when officers and members of the general assembly of Alabama not entitled to.*—When the general assembly, during an annual session of the legislature, adjourns for a month, longer or shorter, and the object of such adjournment is that the members may return to their homes, and the business of the session thereby ceases for that time ; in such a case, neither the members nor the officers of the two houses are entitled to their *per diem* compensation for the period of such adjournment.

APPEAL from the Circuit Court of. Montgomery.
Tried before Hon. J. Q. SMITH.

SECTION 55 of the Revised Code provides that " the secretary of the senate is allowed eight dollars a day." Section 56 provides that " the compensation due under the preceding section must be certified by the president to the comptroller, [now auditor,] who issues his warrant therefor."

During the entire session of the general assembly in the years 1870–71, Blue was secretary of the senate. The general assembly took a recess from the 16th day of December, 1870, until the 18th day of January, 1871. Blue presented his account for services, at eight dollars per day, during the recess, to Moren, lieutenant-governor and president of the senate, and requested him to certify it ; this, Moren refused to do. Blue then petitioned for a *manda-*

*mus.* Moren demurred to the petition, on the ground that it did not show that any services were rendered, or required to be rendered, and that there was no law authorizing or requiring him to sign said certificate.

The cause being submitted for final decision on the demurrer, the court overruled the demurrer and ordered a peremptory *mandamus* to issue, and hence this appeal.

JOHN W. A. SANFORD, Attorney-General, for appellant.
RICE, CHILTON & JONES, *contra.*

PECK, C. J.—The members of the court are unanimous in the opinion that the order of the circuit court awarding a *mandamus* in this case, is erroneous.

We hold, that where the general assembly adjourns for a few days, for some special reason or purpose, both the members and the officers of the two houses are entitled to their *per diem* compensation; but when the adjournment is, say, for a month, longer or shorter, and the object is, that the members are to return to their homes, and the labors of the session are to cease; in such a case, neither the members nor the officers of the two houses are entitled, during the period of such an adjournment, to their *per diem* compensation.

The general rule is, that where public officers or servants receive a *per diem* compensation, there must be a *per diem* service. We can see no good reason to make the present case an exception to this general rule.

The order and judgment of the circuit court directing a *mandamus* to be issued, &c., are reversed, and the appellee's petition is dismissed at his cost, both of this court and of said circuit court.

[NOTE BY REPORTER.—The opinion in this case was delivered at the June term, 1871, but did not come into the Reporter's hands in time to be reported earlier. The case of *Reynolds v. Blue* was decided at the June term, 1872, but as the two opinions cover the whole of the law upon the subjects therein discussed, it has been thought better to report the two cases in the same volume.]