COUNTY OF KAUAI *v.* CLINTON I. SHIRAISHI.

NO. 3010.

ARGUED APRIL 20, 1955.                    DECIDED JULY 15, 1955.

STAINBACK, J., AND CIRCUIT JUDGE McGREGOR IN PLACE OF
TOWSE, C. J., DISQUALIFIED, AND CIRCUIT JUDGE
McKINLEY IN PLACE OF RICE, J., DISQUALIFIED.

OPINION OF THE COURT BY STAINBACK, J.

The issue presented for determination by the court
below is whether a duly qualified and acting magistrate of

a district court of one district, who is designated by the chief justice of the supreme court of the Territory of Hawaii to substitute as magistrate of another district court, same judicial circuit, shall be paid (1) only for the days upon which he actually performs services in the district court to which he was designated or (2) for each and every day for the period specified in the designation.

The case was heard upon stipulation of facts as follows:

"1. That Clinton I. Shiraishi was duly appointed as magistrate of Koloa District Court on January 19, 1954 for a term of two (2) years, at a monthly salary of $262.50.

"2. That on May 5, 1954, Clinton I. Shiraishi in addition to his duties as district magistrate of Koloa was duly designated to preside in the place of Jack H. Mizuha as magistrate of the District Court of Waimea from May 10, 1954 to and including May 19, 1954.

"3. That the magistrate of Waimea is paid a monthly salary of $295.00 and both the salaries of the Koloa magistrate and the magistrate of Waimea are paid by the County of Kauai.

"4. That during the period of May 10, 1954 to and including May 19, 1954, defendant Clinton I. Shiraishi sat on two separate days as magistrate of Waimea.

"5. That the County of Kauai is ready to pay defendant's claim as to two (2) days services amounting to $23.60.

"6. Defendant differs and has filed a claim for compensation for each and every day of the period of designation amounting to $118.00.

"7. That the complaint herein filed in these proceedings was duly authorized by the Board of Supervisors, County of Kauai."

The governing statute is section 9673, Revised Laws of Hawaii 1945, as amended by Act 228, Session Laws of

Hawaii 1949. The first paragraph provides: "Sec. 9673. Disqualification, absence, vacancy; temporary district magistrate. Whenever it is advisable, by reason of a vacancy in the office of district magistrate of any district, or by reason of the disqualification of any district magistrate, or his inability to attend to his duties by reason of illness or temporary absence, or for any other reason, the chief justice of the supreme court may designate the district magistrate of any other district to hear and determine any and all matters then or thereafter pending in the district court to which he shall be called for such purpose, and while so engaged, he shall have and exercise all of the powers of a regular appointed magistrate of the district to which he may be called."

The second and third paragraphs provide for temporary services by a second district magistrate or by a third district magistrate when there is or are any such of a district, none of which provisions is applicable to the case.

The fourth and fifth paragraphs of the amendatory Act, number 228, provide that a second or third magistrate or any magistrate so serving by designation of the chief justice shall receive as compensation for his services during such disqualification, illness, absence or vacancy, "a *per diem compensation equal to the compensation of the magistrate of the district in which the service is performed*" and further, that such service rendered "shall be paid by the county in which the district, in which *such service was rendered,* lies." (Emphasis added.)

The term "per diem" has a well-established definition meaning "By the day; substantively, * * * an allowance or amount of so much by the day." (Webster's New International Dictionary, 2d ed., unabridged.)

"Generally, the term 'per diem', as used in connection with compensation, wages, or salary, means pay for a day's services." (*Scroggie* v. *Scarborough,* 160 S. E. 596, 599;

*State of Washington ex rel John W. Grebb* v. *Hurn,* 172 Pac. 1147, 1 A. L. R. 274.)

While foreign statutes may be of little assistance in the interpretation of a local legislative Act, we call attention to the notation in 1 A. L. R. 274, which contains a citation of scores of cases relating to court reporters, United States Commissioners, United States Court Clerks, United States District Attorneys, United States Marshals, United States Criers and Bailiffs, members and officers of the legislature, county boards and commissions, county and court clerks, sheriffs, town officers and other officers and employees, all of which hold that under a statute fixing a per-diem compensation the employee or officer must perform substantial services on the day for which he is paid although the time actually consumed is merely a fraction of the day.

As showing that "per-diem" compensation requires actual service, the case of *State ex rel McMurty* v. *Thompson,* 37 Mo. 176 (one of the many cases cited in 1 A.L.R., *supra*), held that a member of the legislature is not entitled to his per diem during an adjournment of the legislature on the 21st day of December to the 8th day of the following January under a statute providing that members "shall receive as compensation for their services the sum of five dollars per day for each and every day they may serve as such." Obviously they were members of the legislature during such recess but they did no service.

To the same effect is the case of an officer of the senate who was "allowed eight dollars a day" in the statute but was not entitled to per diem during two Christmas-time recesses. (*Moren* v. *Blue,* 47 Ala. 709; *Reynolds* v. *Blue,* 47 Ala. 711.)

Where words having a well-defined meaning are used in a statute, the presumption is that they are used in their

usual sense. (R. L. H. 1945, § 9; *Yoshizawa* v. *Hewitt,* 31 Haw. 625.)

There is no ambiguity in the wording of the statute that the magistrate shall receive as "compensation for his services" a "per diem compensation."

Frequently the court in carrying out the intent and meaning of a statute may disregard the literal construction of the words of a statute, and this is particularly so where a literal construction would result in an absurdity or an injustice and not come within the spirit of the Act. (*Holy Trinity Church* v. *United States,* 143 U. S. 457; *Rathburn* v. *Kaio,* 23 Haw. 541; *Chong Yet You* v. *Rose,* 23 Haw. 220; *Chang* v. *Meagher et als.,* 40 Haw. 96; *Harrington* v. *Harrington,* 41 Haw. 89.)

However, a literal construction of this statute would not lead to an absurdity or unfairness or fail to come within the spirit of the Act, but quite the contrary; it is well-settled that "Acts relating to the fees and compensation of public officers are strictly construed and such officers are only entitled to what is clearly given by law." (Lewis' Sutherland, *Statutory Construction,* § 714, p. 1298, citing cases.)

See also cases cited in 1 A. L. R. 294 that "In general, double per diems are not favored" nor are double salaries.

The argument is made that even though the magistrate may not perform any service in the district to which he was assigned temporarily, he must hold himself ready to issue criminal process at all hours of the day (the basis of the attorney general's opinion referred to hereinafter).

This is without force as under a provision of section 9677, Revised Laws of Hawaii 1945, as amended by Act 231, Session Laws of 1947, any district magistrate has jurisdiction to issue warrants for the purpose of arrest, examination, commitment, attendance of witnesses and issuance of official warrants for any district in the same

judicial circuit. This section has been in effect since 1892. (Laws of 1892, c. 57, § 11.)

The appellant contends that the uniform ruling by administrative officers over a long period of time supports his position. In this connection he places much weight upon an opinion of a former attorney general given many years ago upon the per-diem compensation of a second district magistrate who was substituting for the first magistrate because of the latter's absence or illness. It held that such second magistrate was entitled to compensation for the entire period of his substitution for the first magistrate, regardless of whether he actually served each day.

This opinion had no reference to the additional pay of a salaried district magistrate substituting for another magistrate and receiving an additional compensation therefor, as at that tme, 1921, the second magistrate received no compensation unless he were acting as a substitute for the regular magistrate.

Furthermore, there has been no "uniform ruling" by administrative officers "over a long period of time." We understand that the county of Kauai has always paid the acting magistrate for days of actual service only. In fact, up to 1949 there were no provisions for additional compensation for regular magistrates who acted as magistrate in another district. The practice was similar to cases involving circuit judges who may be called to another circuit or to the supreme court without additional compensation. This, of course, is the general rule as to duties of judges. (48 C. J. S., *Judges*, § 36, p. 1000.)

If the construction of the statute sought by appellant is correct, there is nothing to prevent a magistrate from one district from being assigned in all the other districts of a judicial circuit and collecting a per diem in each district even though he may be actually performing little or

no services in the several districts and at the same time maintaining his own business or practice. We have been informed that such assignment actually occurred on the island of Kauai. Obviously, if appellant's contention were sustained, the magistrate assigned to all other districts of a circuit would receive a salary much larger than that of the circuit judges or the supreme court justices regardless of the paucity of services rendered in each district which would seem to give a rather absurd construction to the statute. Certainly this should not be permitted in the absence of the clearest expression of such an intent by the legislature.

If the opinion of the attorney general related to a second salary or second per diem for district magistrates substituting in another district, such opinion might be entitled to great weight, "But neither official construction nor usage, no matter how long indulged in, can be successfully invoked to defeat the purpose and effect of a statute which is free from ambiguity, nor will the courts be influenced by the construction placed upon a statute by the officials whose duty it is to execute it where such construction is manifestly incorrect." (*Nichols, Ltd., v. Vannatta*, 33 Haw. 602, 603.)

Decision and judgment affirmed.

*J. H. Mizuha* (also on the briefs) for appellant.

*M. S. Shinsato*, Deputy County Attorney (also on the brief), for appellee.

*E. N. Sylva*, Attorney General, amicus curiae.