Alexander Del Giorno, J.
The State of New York has moved for an order of dismissal on the ground that the above-entitled claim has been released.
The claimant and the State entered into a contract on or about December 4, 1963, designated as Contract Nos. FICBE 63-3, CBE 63-4, and TNE 63-1, for the improvement of the Cross Bronx-Throg’s Neck Expressway. Incorporated in said contract and constituting an integral part thereof were the provisions of the Public Works specifications of January 2, 1962. These specifications provide in pertinent part as follows:
‘ ‘ acceptance on einal payment. The acceptance by the Contractor, or by anyone claiming by or through him, of the final payment shall constitute and operate as a release to the State from any and all claims of any liability to the Contractor for anything theretofore done or furnished for or relating to or arising out of the work done thereunder, and for any prior act, neglect, or default on the part of the State or any of its officers, agents, or employees, excepting only a claim against the State for the amounts deducted or retained in accordance with the terms and provisions of the contract, and excepting a claim for delay or one arising from ‘ Disputed Work ’ as set forth in a preceding paragraph and filed in a signed statement form with the Superintendent.
“ The Contractor is warned that the execution by him of a release in connection with the acceptance of the final payment, *218 containing language purporting to reserve claims other than those herein specifically excepted, or for claims for amounts deducted by the Comptroller, shall not be effective to reserve such claims, notwithstanding anything stated to the contrary, orally or in writing by any officer, agent or employee of the State.
‘ ‘ Should the 'Contractor refuse to accept the final payment as tendered by the Comptroller, it shall constitute a waiver of any right to interest thereon. ’ ’
Claimant entered upon and completed the performance of its contract and the work thereon was officially accepted by the State of New York on March 11,1966. Thereafter, beginning in March and continuing until ¡September 1966, claimant repeatedly asserted in writing its rights to additional payment under the contract.
Commencing on March 20, 1967, three different sets of final agreements were forwarded to claimant by the State, none of which were signed or returned by the claimant. Finally, on October 4, 1967, a check was received in claimant’s office in the amount of $5,589.23. This is the check which the ¡State claims is the final payment on the contract and which, having been deposited by claimant, has effectively released any claim it may have.
In its opposing papers, claimant has set forth a number of ameliorating factors which it contends remove this check from the release provision of the Public Works specifications regarding acceptance of ¡final payment. First, the purported final payment check was not accompanied by any transmittal letter. Secondly, the check, when received, was indorsed by means of a rubber stamp and deposited by an employee of claimant’s firm who had been employed in claimant’s office for only two days. Finally, the only indication as to the nature of the check was contained on the check stub and read as follows:
“ ¡Check No. 1 213667 Z State of New York Detach Before Cashing Check Department or Institution 10/02/67 1700
Dept. Transportation HC 7039 EST 7F
$5,589.23”
Upon receiving the bank statement for October, 1967, claimant’s president, for the first time, became aware of what had occurred. Immediately thereafter, claimant forwarded its own certified check to the .State of New York with a covering letter *219 stating that the ¡State’s check had been deposited in error. This proffered return was refused by the ¡State and the certified check was returned to the claimant.
Upon the facts as thus outlined, it is now for this court to determine whether a final payment was actually accepted by claimant, thereby effectually releasing the present claim. It is the opinion of the court that it was not.
The facts of the instant case are very similar to those contained in the case of Dalrymple Gravel & Contr. Co., v. State of New York (19 N Y 2d 644 [1967]). The only significant ■ difference between the two cases is that in Dalrymple (supra), there was no notation whatever with respect to the nature of. the check received, whereas here the check stub contained the legend referred to above. However, the fact that a check stub contains the letters EST 7F is not sufficient, in the court’s opinion, to place a claimant on notice that those letters mean “final payment.” Although this was clearly the interpretation placed thereon by the State, it does not follow that it is the only explanation for their presence. They could have many varying meanings, particularly when the check has been forwarded to an office where there are clerical employees who may not be aware of any dispute between claimant’s officers and the State regarding additional payment. Conceivably, if the check had 'been indorsed and deposited by one of claimant’s officers, there might have been a true acceptance which would be sufficient to release this claim. However, in view of the nature and manner in which this check was forwarded, received and deposited, the court believes that it falls within the ambit of Dalrymple (supra), and no acceptance was ever effected sufficient to release the ¡State from any further liability under this contract.
In reaching the conclusion it does, the court has occasion once again to remind the State, as it has on a number of previous occasions, that where it intends to effectively conclude a contract it should do so in a correct, cogent and definitive manner. It is to be noted in the instant case that the ¡State not only forwarded its purported final payment without having received a signed final estimate from the claimant, but also, while extensive correspondence pertaining to said payment was in progress between the parties.
The court finds that no acceptance was ever effected and denies the motion to dismiss.