## THE STATE ex rel. CECILE S. NOLEN v. GEORGE E. HACKMANN, State Auditor.

### In Banc, December 19, 1918.

1. **ACCOUNT AGAINST STATE: Approval by Auditor: Exception in Statute.** Notwithstanding the statute says that the State Auditor shall audit, adjust and settle all claims against the State payable out of the Treasury "except only such claims as may be expressly required by law to be audited and settled by other officers or persons," and notwithstanding the statute creating the Land Reclamation Department said that "the salary and expense accounts of the Commissioner and his associates shall be paid monthly by the State Auditor on vouchers made out and approved by the Commissioner," the State Auditor is not bound by a voucher drawn and approved by the Commissioner in favor of an employee, but may go behind such approved voucher and ascertain for himself the underlying facts.

2. ————: ————: **Stenographer: No Services as Such.** Where the statute provided that the Land Reclamation Commissioner "shall have power to employ a stenographer," and the Appropriations Act appropriated $2000 as "salary of stenographer," and the vouchers approved by the Commissioner state they are for salary of an employee as "stenographer," the State Auditor is not required to allow said account and issue his warrant in payment thereof, if said employee was not a stenographer and performed no stenographic work whatever for the State, although she performed other clerical work.

3. ————: **Salary: Performance of Official Duties: Employee.** The rule that "the right of a public officer to the salary of his office is a right created by law, is incident to the office, and not the

creature of contract, and is not dependent upon the fact or value of services actually rendered," is to be applied only to a public officer, and has no application to a mere employee of such an officer, who has no statutory authority, express or implied, to employ such person.

## Mandamus.

Writ Quashed.

*A. T. Dumm* for relator.

(1) Respondent's return admitting, as it does, that relator was duly appointed stenographer for the Department of Land Reclamation, pursuant to law and by the officer authorized by law to make the appointment; admitting that this officer duly made out and approved vouchers for her salary for the time of her employment, to-wit, from April 1, to September 14, 1917, and that on said last named date said vouchers were duly presented to respondent for allowance; admitting that there was then and now is in the State Treasury, to the credit of the appropriation for the salary of the stenographer of the Department of Land Reclamation more than sufficient money to pay said vouchers, nothing remained for respondent to do but to draw his warrant upon the Treasury for the undisputed amount of her salary; and having failed to do so, the peremptory writ should be awarded. Sec. 2, Laws 1913, p. 406; Sec. 4, Laws 1913, p. 406; Sec. 52a, Appropriation Act of 1917, Laws 1917, p. 17; Sec. 11813, R. S. 1909; Sec. 11827, R. S. 1909; State ex rel. v. Mason, 153 Mo. 56; 19 Am. & Eng. Ency. Law (2 Ed.), pp. 786, 787; State ex rel. v. Gilbert, 163 Mo. App. 686; State ex rel. v. Walbridge, 153 Mo. 203; Bates v. City of St. Louis, 153 Mo. 18; Gracey v. City of St. Louis, 213 Mo. 397; Danley v. Whiteley, 14 Ark. 702. (2) Relator having been admittedly appointed stenographer by the officer authorized by law to make the appointment, and the Commissioner having found that relator performed the services which this officer required her to perform, respondent cannot justify his refusal to draw

a warrant for her salary on the ground that she was not qualified to fill the place to which she had been duly and legally appointed. To uphold respondent in this contention would be to make him, and not the head of the department, the judge of the qualifications of an employee in that department. State ex rel. v. State Auditor, 46 Mo. 326; Sec. 4, Laws 1913, p. 407; State ex rel. Weeks v. Bamble, 13 Fla. 9; Swann v. Buck, 40 Miss. 268; Cooke v. Iverson, 52 L. R. A. (N. S.) 415; State ex rel. v. Mason, 153 Mo. 56; State ex rel. v. Gilbert, 163 Mo. App. 686; Sec. 11827, R. S. 1909; Secs. 2 and 4, Laws 1913, p. 406; Danley v. Whiteley, 14 Ark. 7021; 23 Am. & Eng. Ency. Law (2 Ed.), p. 364; 19 Am. & Eng. Ency. Law (2 Ed.), pp. 786, 787.

*Frank W. McAllister,* Attorney-General, and *Shrader P. Howell,* Assistant Attorney-General, for respondent.

(1) By express statutory provision it is made the duty of the State Auditor to "audit, adjust and settle all claims against the State payable out of the treasury, except only such claims as may be *expressly* required by law to be audited and settled by other officers or persons." Secs. 11813, 11825, 11829, 11842, R. S. 1909. (2) Neither the act authorizing the appointment of a stenographer to the Land Reclamation Commissioner, nor the act making appropriation for the payment of such services, *expressly requires* such claim to be audited and settled by any other officer, and therefore, the auditing thereof falls within the statutory duty cast upon the State Auditor by Sec. 11813, R. S. 1909. Laws 1913, p. 407, secs. 2 and 4; Laws 1917, p. 17, sec. 52a. (3) The Auditor, in the discharge of his specific, express statutory duty to "audit, adjust and settle all claims against the State," is not bound by the voucher filed with him by the certifying officer or person, but has full authority to go behind such certificate and ascertain the facts for himself before issuing his war-

rant on the State Treasury. Morgan v. Buffington, 21 Mo. 549; State ex rel. McMurty v. Thompson, 37 Mo. 176; State ex rel. v. Draper, 50 Mo. 24; State ex rel. v. Clark, 61 Mo. 263; State ex rel. Daily v. Thompson, 41 Mo. 13; State ex rel. v. Allen, 180 Mo. 27; State ex rel. v. Wilder, 196 Mo. 418. (4) A public officer is entitled to the compensation provided for such office, not by virtue of a contractual relation but by reason of such salary being incident to the office; a stenographer or clerk, however, is an employee, and to be entitled to the salary authorized, the services thereunder must in fact be rendered. Mechem's Public Officers, sec. 855; 29 Cyc. 1366 and 1422; Thropp on Public Officers, secs. 443 and 500; Bates. v. St. Louis, 153 Mo. 18; State ex rel. v. Walbridge, 153 Mo. 194; State ex rel. v. Gordon, 245 Mo. 27. Since the relatrix, manifestly, is not a public officer as defined in the above authorities, but her position as a stenographer constitutes merely an employment, she would be entitled to the compensation provided only in the event that the services were in fact rendered. Paden v. City of New York, 92 N. Y.. Supp. 926, 928; Throop v. Langdon, 40 Mich. 682. (5) The evidence clearly showing that relator was not a stenographer and did not render any stenographic services to the State under her appointment, the action of the respondent, in refusing to draw his warrant, was proper. Laws 1913, p. 407, sec. 2; Laws 1917, p. 17, sec. 52a; In re Appropriations, 25 Neb. 662.

WILLIAMS, J.—The facts concerning this proceeding are concisely and sufficiently stated in the brief of relatrix, from which we quote as follows:

"This is a mandamus proceeding, original in this court, begun by the filing, on April 9, 1918, of relatrix's petition for an alternative writ of mandamus The alternative writ was awarded on April 27, 1918, returnable May 27, 1918. On the same date, to-wit, April 27, 1918, the issuance and service of the alternative writ were waived and the petition taken as and for the atlernative writ by the Attorney-General, for the respondent. On

June 22, 1918, respondent filed his return in this cause. On November 2, 1918, W. S. Pope, attorney at law, of Jefferson City, Missouri, was by the court appointed special commissioner to take the testimony and report his finding of facts to the court. On December 6, 1918, said commissioner filed with the clerk his report as to the finding of facts in said cause.

The petition for the alternative writ, which is taken as and for the writ itself, alleges, and the return admits, that John H. Nolen was at all the times mentioned in the petition the duly appointed, qualified and acting Land Reclamation Commissioner, and that respondent is and since the second Monday in January, 1917, has been the duly elected, qualified and acting State Auditor of the State of Missouri; that the said John H. Nolen, Land Reclamation Commissioner, as aforesaid, was authorized and empowered to employ a stenographer for said department of Land Reclamation, at a salary of one thousand dollars annually; that on the 1st day of April, 1917, relatrix was duly appointed by said John H. Nolen as stenographer for said department of Land Reclamation, at a salary of one thousand dollars per year; that on the 4th day of September, 1917, the said John H. Nolen, Land Reclamation Commissioner, as aforesaid, properly made out and approved vouchers in favor of relatrix in the sum of $455.42, in payment for her services as stenographer for said department of Land Reclamation, for the period from April 1, 1917, to September 14, 1917; that on said last named date, the said vouchers were duly presented to and filed with respondent for audit, allowance and payment as a claim against the State of Missouri; that there was on said 14th day of September, 1917, and now is in the State Treasury to the credit of the appropriation for salary of the stenographer of said department of Land Reclamation more than sufficient money to pay said vouchers and accounts for said sum of $455.42, and that respondent refused and

276 Mo.—12.

still refuses to audit and allow said account and to draw his warrant upon the State Treasurer for the payment of the same.''

The return denies that relatrix did, under and by virtue of her appointment as aforesaid, serve as stenographer for said department of Land Reclamation, for April 1, to September 14, 1917, and denies that there was or is now due her, for her services as alleged, the sum of $455.42, and charges that the said relatrix did not perform any duties or render any services between said dates by virtue of her said appointment as stenographer for said department of Land Reclamation, and that there was not on said 14th day of September, 1917, and is not now due relatrix the sum of $455.42, or any other sum, for said alleged services.

The return then states that by reason of the failure and neglect of relatrix to perform any duties or render any services from April 1, to and including September 14, 1917, under her said appointment as stenographer as aforesaid, there was not on said 14th day of September, 1917, and is not now due relatrix from the State of Missouri the sum of $455.42, or any other sum, and that therefore respondent is not authorized to and is in fact prohibited by law, from auditing, allowing and drawing his warrant upon the State Treasurer for the payment of said sum.

The special commissioner appointed to take the testimony and report to this court his finding of facts, reports that John H. Nolen, as Land Reclamation Commissioner, was authorized to employ a stenographer at one thousand dollars annually, and that he employed relatrix as such stenographer, at one thousand dollars per annum, her duties to commence on the first day of April, 1917; that relatrix was not a stenographer and could not do stenographic work, and that she did not do any stenographic work during the term of her employment, but that the work performed by her was purely clerical in its character, and consisted in going to the office of the commissioner, when he was absent,

opening the mail addressed to him as such commissioner, forwarding to him such as she deemed needed immediate attention, and communicating with him in regard to the business of the office; that the said commissioner was absent from his office, on duties therewith connected, about one-half of the time from April 1st to September 14, 1917, and that during his absence the relatrix was at his office daily, in both the forenoon and the afternoon, remaining there a sufficient length of time to examine the mails, ascertain the contents thereof, and communicate with him in regard thereto. The commissioner further finds from the evidence that the stenographic work required during the time of the employment of relatrix was performed by others and paid for, by the commissioner, to the parties performing the service, and that the commissioner has never presented any bills or received any compensation on account of the stenographic work done for the department during the time of the employment of relatrix; that no accounts for the salary of relatrix were presented until the expiration of the term of the commissioner, at which time he presented six separate monthly accounts for the salary of relatrix, at the rate of one thousand dollars per annum, approved by him, and that the respondent, as State Auditor, refused to allow the same, or to issue warrants therefor, for the reason that relatrix was not a stenographer and had not performed the service for which the charges were made.

It is contended by respondent that the State Auditor had no right to go behind the vouchers issued and approved by the Land Reclamation Commissioner, but that he was bound thereby and should now be ordered to draw his warrant upon the State Treasury for the amount of same.

Approval of Account.

We are unable to agree with this contention.

Section 11813, Revised Statutes 1909, in defining the duties of the State Auditor, provides that, among other duties, "he shall audit, and adjust and settle all claims against the State payable out of the Treasury,

*except only such claims as may be expressly required by law to be audited and settled by other officers or persons.*"

The above language is clear and unambiguous and has been applied at its full face value by former decisions of this court. [State ex rel. Daily v. Thompson, 41 Mo. 13; State ex rel. v. Wilder, 196 Mo. 418, and cases therein cited.]

Does the claim in the case at bar fall within the exception mentioned in the above statute? In other words, was the Land Reclamation Commissioner expressly required by law to audit and settle this claim within the meaning of the exception stated in said statute? We think not.

The only other statute which might be said to bear upon this point is Section 4 of the Act of March 25, 1913, Laws 1913, p. 407, creating the Department of Land Reclamation, which provides: "The salary and expense accounts of the commissioner and his associates shall be paid monthly by the State Auditor on vouchers made out and approved by the commissioner."

In the case of State ex rel. v. Wilder, supra, the relator therein sought to compel the State Auditor to issue his warrant upon the State Treasury in payment of a fee-bill for criminal costs. The fee-bill had been properly certified under the statutes, Sections 2845 and 2847, Revised Statutes 1899, by the prosecuting attorney and the judge of the circuit court wherein the costs accrued. Section 2856, Revised Statutes 1899 (then under consideration), provided, that when a criminal cost fee-bill is certified by the judge and prosecuting attorney, "he [the State Auditor] shall draw his warrant on the State Treasurer," etc. It was contended in that case, just as it is here, that certification by the judge and prosecuting attorney was conclusive upon the State Auditor and that he was bound thereby.

After a full discussion of the subject and a review of the authorities it was there held that the certificate

of the judge and prosecuting attorney was not binding upon the State Auditor and that the statutes authorizing the judge and prosecuting attorney to certify the fee-bill did not fall within the exception provided under Section 10389, Revised Statutes 1899, which is the same as Section 11813, Revised Statutes 1909, supra.

We are unable to distinguish the principle in volved in the case from the one involved in that case. Since the point is there fully discussed and authorities cited, further discussion is now unnecessary. For the reasons therein stated we hold, that the approved vouchers in the case at bar were not conclusive, but that the Auditor had the right to go behind said vouchers and to ascertain for himself the fact underlying.

II.  The next question for determination is whether or not, under the facts disclosed, the claim of relatrix is one that should have been allowed by the State Auditor. We are of the opinion that this question must be answered in the negative. Upon the **Right of Employee.** sworn testimony of relatrix it stands conceded that she was not a stenographer and performed no stenographic work whatever for the State. The statute under which relatrix was appointed provided that the Land Reclamation Commissioner "shall have power to employ a *stenographer.*" [Laws 1913, p. 407.]  The Appropriation Act providing the pay for said services appropriated $2000 as "salary *of stenographer.*" [Laws 1917, p. 17.]

The vouchers which relatrix presented to the State Auditor state that they are for salary as *"stenographer"* and the petition in this case is based upon the theory that she served as such *stenographer.*

The word stenographer is a word in common use with a well defined meaning. [See Webster's New International Dictionary, title, stenographer. See also, In re Appropriations, 25 Neb. 662.]

There does not appear to have been any authority either express or implied, granted to the Land Reclama-

tion Commissioner to employ a mere clerical assistant. Neither does there appear to have been any appropriation made for the pay of such an assistant.

Since in the present case it appears that relatrix performed no stenographic services for the State and at no time during her alleged employment did she serve as a stenographer in that department, we are of the opinion that she can have no lawful claim against the money which was specifically appropriated by the Legislature for the pay of a stenographer. For the above reasons the State Auditor properly refused to draw his warrant therefor.

Relatrix relies upon a line of cases, of which the case of State ex rel. v. Walbridge, 153 Mo. l. c. 203, is a fair sample, which held that "the right of a public officer to the salary of his office is a right created by law, is incident to the office, and not the creature of contract, nor dependent upon the fact or value of services actually rendered."

Those cases can be of no aid to relatrix in the present case. She was not a public officer within the meaning of the rule above stated. She was a mere employee of the Land Reclamation Commissioner. [Throop v. Langdon, 40 Mich. 673, l. c. 682.] We are not aware that the above rule applicable to public offices has ever been applied to mere employees of the Government.

From what has been said above it follows that the alternative writ of mandamus heretofore issued in the cause should be quashed.

It is so ordered.

All concur, except *Graves, J.,* not sitting.