Alexander Del Giorno, J.
The contract in issue was entered into between claimant and the State of New York on or about December 4, 1963 and was designated as Contract Nos. FICBE 63-3, CBE 63-4, and TNE 63-1, for the improvement of the Cross Bronx-Throg’s Neck Expressway. On or about August 25,1967, the claimant received from the State a document which the State in its moving papers has referred to as a completed final agreement and final estimate. Thereafter, on October 2, 1967, the State of New York tendered its check to claimant as the final payment under the contract. The claimant herein filed its notice of intention to file a claim on April 1,1968. The claim itself was filed on June 12, 1968.
*221 By means of a prior separate motion the State moved to dismiss the within claim on the ground that claimant had accepted the final payment on the instant contract and had •thereby released its cause of action thereunder. This court, by memorandum decision dated December 9, 1968 (59 Misc 2d 216), denied that motion, for the reasons set forth therein. The State now moves to dismiss the claim on the ground that it has not been timely filed. In support of the motion, the State relies upon the case of Terry Contr. v. State of New York (27 A D 2d 499, 503). It was there held that a claim arising out of a contract executed and performed pursuant to the New York State Public Works specifications “will be deemed accrued upon receipt by the claimant of a completed final estimate fully certified and signed by the Superintendent of Public Works, or upon tender by the State of a check in the final payment under the contract and receipt thereof by the claimant, whichever event first occurs.” From the above chronology it is clear that claimant received the purported final agreement and final estimate prior to reception of the final payment. Inasmuch as a notice of intention to file a claim was not filed until April 1, 1968, a period in excess of six months from the earlier of the two dates, it is urged that the present claim be dismissed as untimely pursuant to subdivision 4 of section 10 of the Court of Claims Act.
It is undisputed that, incorporated in and constituting an integral part of the present contract, are the provisions of the Public Works specifications of January 2, 1962. These specifications provide in pertinent part as follows: ‘ ‘ article 10. final payment. After the final acceptance of the work, the Engineer shall prepare a final estimate of the work done from actual measurements and computations relating to the same, and he shall compute the value of such work under and according to the terms of the contract. This estimate shall be certified to as to its correctness by the Engineer. Upon approval of .such final estimate by the District Engineer, it shall be submitted to the Superintendent for final approval. The right, however, is hereby reserved to the Superintendent to reject the whole or any portion of the final estimate, should the said certificate of the Engineer be found or known to be inconsistent with the terms of the agreement or otherwise improperly given. All certificates upon which partial payments may have been made being merely estimates, shall be subject to correction in the final certificate or estimate.”
The State concedes that the final estimate relied upon herein was neither certified nor signed by the Superintendent of Public *222 Works. It argues, however, that it was certified and signed by the Deputy Chief Engineer and, as the result of the issuance of two official orders by the Superintendent of Public Works (now Commissioner of Transportation), designated as orders numbered 531 and 806, such certification and .signing are all that is necessary. The court directs its attention first to the •order designated as number 806, issued May 20, 1963. The contention of the State is that such order specifically authorizes the Superintendent of Public Works to delegate the authority to approve, certify and sign any and all final estimates to the Deputy Chief Engineer. However, a review of Official Order 806 clearly reveals that it relates solely to a delegation of authority with respect to the amendatory provisions of subdivision 9 of section 38 of the Highway Law. The provisions contained therein concern themselves exclusively with possible alterations of the contract terms which could conceivably create unforeseen contingencies or extra work, thereby requiring the issuance of an arder on contract. In such a circumstance the official order expressly authorizes the Deputy Chief Engineer to review, sign and approve such an order on contract. It should be noted, however, that even in this limited area the wording of Official Order 806 remains significantly silent with respect to the issuance of any .such order by anyone other than the Superintendent. Accordingly, the court is .of the opinion that the provisions of subdivision 9 of section 38 of the Highway Law and Official Order 806 do not in any way reflect an intention to delegate the authority of approving final estimates to any individual other than the Superintendent of Public Works.
We turn then to the contents of Official Order 531, issued May 9,1961. The wording of this order is quite specific in delegating to a Deputy Chief Engineer the authority to accept the work of a completed .State highway pursuant to section 44 of the Highway Law, and also to accept the final estimate prepared therefor. That the Superintendent of Pubic Works has the authority to issue an order of this nature appears to be settled. (Ingalls Iron Works Co. v. Fehlhaber Corp., 29 A D 2d 29.) The question remains, however, whether such an order, standing alone, is sufficient to transform the document of August 25, 1967 into a final estimate as contended by the State, thereby foreclosing claimant’s cause of action. The .opinion of the court is that it is not.
The language of the Public Works specifications of January 2, 1962 is explicit in directing that the final estimate shall be .submitted to the Superintendent of Public Works for final approval. This provision is an integral part of the contract entered into *223 between the State and claimant, and is in direct conflict with the directive of Official Order 531. Thus, what the State is seeking to accomplish by means of the present motion is to effectuate, without notice, a unilateral change in the terms of its own contract. This it may not do. The decision of the Appellate Division in Terry Contr. v. State of New York (27 A D 2d 499, 503, supra) would appear dispositive of this question. The court therein held in clear and unambiguous language that ‘ ‘ until such time as the State specifications and contract are amended, a claim will be deemed accrued upon receipt by the claimant of a completed final estimate fully certified and signed by the Superintendent of Public Works ” (emphasis supplied).
In any event, the plain and concise import of the quoted language aside, the court is of the opinion that it must deny the within motion for another, equally compelling reason. It has already been determined by the courts of this State that the official order with which we are here concerned relates solely to the internal operation of the Department of Public Works. (Ingalls Iron Works Co. v. Fehlhaber Corp, 29 A D 2d 29, supra.) As such, no duty is cast upon the department to advise those with whom it has no contractual dealings of the terms thereof. However, where an agreement has been entered into between the department and a contractor, the contractor has a right to rely upon, and proceed pursuant to, the terms thereof. Accordingly, any change within the organizational structure of the Department of Public Works which seeks to modify or alter in any way the purport and meaning of that duly executed contract should and must be made only upon a showing of proper notice, and in strict conformity with the terms of the existing contract provisions and statutory authority. In enacting Official Order No. '531, neither of these elements was given consideration by the State.
No prior written notice of the promulgation of the within order was even given to this claimant, nor was any notation thereof or reference thereto contained in the final estimate. It was not until January, 1969, approximately 17 months after the service of said estimate, and 8 months after the filing of the notice of claim, that its existence was brought to claimant’s attention. Further, although the order concededly authorizes the Deputy Chief Engineer to accept the final estimate, nowhere in .said order is he authorized to reject the .same. However, the provisions of article 10 of the Public Works specifications are very specific in reserving to the Superintendent of Public Works the right to reject the whole or any portion thereof. The importance of this fact cannot be overemphasized. The time limita *224 tion provisions of section 10 of the Court of Claims Act have been construed to mean that the limitation does not begin to run until the extent of the damages can be ascertained. As was stated in Terry Contr. v. State of New York (supra, pp. 501-502) “The right having been reserved to the Superintendent to reject the whole or any portion of the final estimate, the claimant, having received an estimate without his approval indorsed thereon, had no way of ascertaining the extent of his damages, if any. Until such time as the Superintendent affixed his approval to the estimate, the claimant was justified in considering the estimate submitted as a proposed final estimate which could be adjusted upwards or downwards.” The Superintendent not having signed the final estimate herein, it was still susceptible of being adjusted in one direction or another. It is our determination, therefore, that until such time as his signature was affixed thereto, this claimant had every reason to regard the document of August 25, 1967 .as nothing more than u proposed final estimate.
The notice of intention to file a claim having been filed within six months of the forwarding of the final check, and the claim having been filed within two years thereof, the court finds such filing to be timely. Accordingly, the motion is denied.