534 P.2d 270

**The STATE of Arizona, Appellee,**

v.

**John Yribe NUNEZ, Appellant.**

**No. 2 CA–CR 454.**

Court of Appeals of Arizona, Division 2.

April 18, 1975.

Rehearing Denied June 4, 1975.

Review Denied Sept. 18, 1975.

N. Warner Lee, Former Atty. Gen., Bruce E. Babbitt, Atty. Gen., by Georgia C. Butcher, Asst. Atty. Gen., Phoenix, for appellee.

John M. Neis, Pima County Public Defender, by Darwin J. Nelson, Asst. Public Defender, Tucson, for appellant.

OPINION

HATHAWAY, Judge.

Appellant was convicted of attempted grand theft from the person in a purse-snatching incident. He cites nine points of possible error. We choose to deal with two of the points which we believe have merit.

The appellant maintains that he was prejudiced by the introduction of photographs over his objection which suggested prior criminal activity. The portrayal of appellant in the exhibit of a photo-identification, along with other persons depicted, left no doubt that prior criminal activity was being suggested. Of the six photographs shown to the jury, all six were identified as Tucson Police Department photographs and two of them had identification numbers on them.

In State v. Cumbo, 9 Ariz.App. 253, 451 P.2d 333 (1969), it was said:

"It is this Court's opinion that the double-shot picture with front and profile alongside of each other, unless disguised so as not to appear to be a 'mug shot,' and absent an explanation that the picture was taken at defendant's arrest on the charge involved, intimates to the jury that defendant had a prior criminal record." 9 Ariz.App. at 256, 451 P.2d at 336.

A photograph identification shown to the jury was also held to be prejudicial error where a suggestion of prior criminal activity was present. State v. Moore, 108 Ariz. 215, 495 P.2d 445 (1972).

There was no explanation by the prosecution in the instant case that the photograph of the defendant was taken pursuant to his arrest in this particular incident. In fact, the photographs were used for identification purposes before the arrest of the defendant was effected so the fact that the police had defendant's picture in the line-up clearly showed prior criminal activity.

The question then becomes whether the error was harmless. In State v. Kelly, 111 Ariz. 181, 526 P.2d 720 (1974), the court dealt with a mug shot situation and said:

" . . . the picture was introduced by the prosecution after the defendant had been positively identified. The introduction of the enlarged 'mug shot' served no useful purpose in further identifying the defendant. . . . Such over-reaching by the prosecution is the stuff that reversals are made of and was clearly error. While we do not approve, we believe that the error was harmless. The evidence was more than sufficient that, without this picture, the jury would have reached the same decision. [Citations omitted]" 526 P.2d at 729.

In Kelly, supra, the defendant was convicted of rape while armed with a deadly weapon and burglary while armed with a deadly weapon. One of his points of appeal was that he was prejudiced by the introduction into evidence of a photograph of him in prison clothes. Identification was positive by the victim, both of the defendant himself in a line-up prior to arrest and in court, and of the clothes the defendant was wearing and of the knife used in the crimes. Where identification was so positive before the introduction of the photograph, the court was able to conclude that the evidence was more than sufficient to have enabled the jury to reach the guilty verdict.

 In contrast to this situation is the instant set of circumstances which do not enable us to state that the error was harmless. The defendant's own testimony, in effect, was his only defense. The credibility of his testimony, then, was of the utmost importance and the introduction of the photographs suggesting prior involvement with the police certainly shakes his credibility. The defendant never denied that he was at the scene of the alleged crime nor did he deny "bumping" into the complaining witness. He did, however, have a different explanation for the situation and it was the jury's belief in his credibility upon which his defense rested. We therefore must reverse.

In addition, it was error for the prosecution not to have disclosed the statements taken from Anna Morrison, a witness. The prosecuting attorney stated that he had taken notes when speaking with the witness. Such notes do not meet the "work product" exception to disclosure under Rule 15.4(b)(1), 17 A.R.S., as they are not "theories, opinions and conclusions" of the parties or their agents. To rule otherwise would make a premium out of *not* taking verbatim statements in order to avoid the disclosure required by the rules. However, the disclosure has now been accomplished due to the trial and hence, the matter is moot.

We have considered the other points raised and, deeming them without merit decline to discuss them.

Reversed and remanded.

HOWARD, C. J., and KRUCKER, J., concur.