20018

Richard D. HAZARD, by his committee, Lois D. Hazard, Appellant, v. SOUTH CAROLINA STATE HIGHWAY DEPARTMENT and the County of Charleston, Respondents.

(215 S. E. (2d) 438)

*Messrs. Young, Clement & Rivers,* of Charleston, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., John L. Choate, Staff Atty.,* of Columbia, and *Sinkler, Gibbs, Simons & Guerard,* of Charleston, *for Respondent, South Carolina State Highway Department,* and *Ben Scott Whaley,* of

Charleston, *for Respondent, County of Charleston,*

May 27, 1975.

LEWIS, Justice:

The question to be decided in this appeal is whether the provisions of Sections 33-230 and 33-923, requiring a claim for damages against the South Carolina State Highway Department or a county in this State to be filed within one hundred eighty (180) days from the date of injury or damage, constitute a denial of due process or equal protection of the law in violation of the State and Federal Constitutions.

The issues here arise out of a two-car collision, on April 3, 1973, on an exit ramp from Interstate Highway No. 26 in Charleston County, in which appellant suffered permanent injuries. He remained in a coma for approximately two (2) months and, due to brain damage suffered in the accident, a committee was appointed for him on June 28, 1973.

Shortly after her appointment, and well in advance of the period for filing a claim against the Highway Department or the County of Charleston, the committee pursued to settlement a claim against the other vehicle involved in the accident.

Appellant also sought to assert a right of recovery for his injury and damage because of alleged defects in the highway where the collision occurred; and in February 1974, approximately eight (8) months after her appointment and eleven (11) months after the accident, the committee brought this action against respondents South Carolina Highway Department and Charleston County, alleging improper construction and design of the highway and improper signs as causes of appellant's injuries and damage.

Both respondents demurred to the complaint on the grounds that the complaint failed to state a cause of action because there was no allegation that a written claim had been filed with either of the respondent governmental agencies within one hundred eighty (180) days from the date

of injury, as required by Sections 33-230 and 33-923. Appellant, conceding that a claim had not been filed as required by these code sections, asserted that the claim provisions of the statutes were unconstitutional and, therefore, the failure to file the claim was not a bar to the present action. This contention was rejected by the lower court and an order entered sustaining the demurrers, from which plaintiff has prosecuted this appeal.

The sovereign immunity from liability and suit has been waived under the provisions of Section 33-229 *et seq.* of the 1962 Code of Laws, as amended, as to the South Carolina State Highway Department, and under Code Section 33-921 *et seq.,* as amended, as to counties, so as to permit suits for the recovery of injury or damage caused by the delicts of the Highway or County in connection with the construction or repair of highways and the operation of State or County vehicles while engaged in such construction or repair.

Although the waiver of sovereign immunity of the Highway Department and County is effected under different statutes, virtually the same conditions or limitations are placed on the right to sue either, among them being the requirements, here involved and set forth in Code Sections 33-230 and 33-923, *supra,* that, as a prerequisite to liability and suit, a verified claim setting forth the date and place the injury or damage occurred and the amount claimed, must be filed with the governmental agency involved, within one hundred eighty (180) days from the date of injury; and suit, if any, must be filed within twelve (12) months from the date of injury. There is a further provision which eliminates the necessity of filing a verified claim, if suit is commenced within six (6) months after the injury or damage.

Appellant's due process and equal protection arguments are based primarily on the contentions that (1) the notice provisions are not related to any valid public purpose and

are, therefore, arbitrary and capricious; (2) the Legislature intended by the statutes in question to give persons injured from negligent governmental activities equal rights with victims of private torts and thereby created a vested right in immediate access to the courts; and (3) the notice provisions, in effect, arbitrarily divide all tortfeasors into the following classes of wrongdoers: (a) private tortfeasors to whom no notice is required and (b) governmental tortfeasors to whom notice is required, thereby discriminating against victims of public torts. We find no merit in any of these contentions.

The principle that the sovereign cannot be sued without its consent has long been a part of the public policy of this State. Under it, neither the State nor any of its agencies may be sued, or held liable for torts committed in the performance of governmental functions, without express waiver or consent being given by the Legislature. *McKenzie v. City of Florence,* 234 S. C. 428, 108 S. E. (2d) 825.

The consent of the State to be sued may be limited and granted subject to such conditions as it may see fit to impose. We stated with approval the following applicable principles in *United States Casualty Company v. State Highway Department of South Carolina,* 155 S. C. 77, 151 S. E. 887:

"The consent of the State to be sued is entirely voluntary on its part, and it may therefore prescribe the cases in which and the terms and conditions upon which it may be sued, and how the suit shall be conducted; and the state can be sued only in the cases, manner, place, and courts prescribed by it, and one who seeks to avail himself of such consent must pursue the remedy as it is provided by law, and must fully comply with the prescribed terms and conditions, and it is the duty of the courts to see that the prescribed methods of procedure are followed. 36 Cyc. 913."

The Legislature has, in the statutes involved, named several conditions under which the immunity from suit is

waived. Among these conditions is the requirement that a verified claim, setting forth the date and place the injury or damage occurred and the amount claimed, must be filed with the governmental agency within one hundred eighty (180) days from the date of injury.

The statutes make compliance with the foregoing notice requirements a prerequisite to suit. As held in *Cochran v. City of Sumter,* 242 S. C. 382, 131 S. E. (2d) 153:

"One seeking to avail himself of the consent of the State or a political subdivision thereof to be sued must fully comply with the prescribed terms and conditions of the statute, and the filing of a claim as required by the Act is an essential prerequisite to a right of action."

Since the filing of a claim is a condition precedent to the accrual of a cause of action, no vested right could be obtained by a victim of the governmental tort until the claim provisions of the statute have been complied with. There was simply no right to sue in existence until the conditions imposed for the creation of such right had been met. There is, therefore, no merit in appellant's argument that the statute creates immediately a vested right in victims of governmental torts.

The fact that one incidental effect of the conditions imposed upon waiver of the State's immunity to suit is that the governmental tortfeasor must be given timely notice of the claim, while notice to the private tortfeasor is not required, does not operate to create an unconstitutional classification among tortfeasors, as argued by appellant. The statutes grant a restricted right of action against the governmental agencies that never accrues until the conditions precedent to suit are met. Since no right of action common to public and private tortfeasors is created by the statutes, there could be no differentiation between members of the same class.

The argument of appellant that the claim provisions serve no valid public purpose is addressed to the wrong tribunal. The determination of whether the State's immunity from suit shall be waived and under what conditions is a matter for the Legislature to decide. We have consistently held that the authority to waive the State's immunity from suit and the conditions, if any, to be imposed upon such waiver, rests with the legislative branch of the government.

In any event, if the Court were to strike down the claim provisions of the statute, it would not mean that appellant could prosecute this action. We must assume that the consent of the State to be sued would not have been granted but for the presently involved provision that claim must be filed within one hundred eighty (180) days. Therefore, if the requirement for filing claim be eliminated the entire statute would fall, leaving no waiver of the State's immunity to suit. Otherwise, this Court would, in effect, say that the State intended to give its consent to be sued without requiring a claim to be timely filed. Certainly, this Court could not say that the waiver of immunity from suit would have been granted irrespective of the requirements of the claim provision.

All exceptions are accordingly overruled and the judgment affirmed.

Moss, C. J., and BUSSEY, LITTLEJOHN and NESS, JJ., concur.