RISSLER & McMURRY COMPANY,
Appellant (Plaintiff below),

v.

WYOMING HIGHWAY DEPARTMENT,
Appellee (Defendant below).

No. 4882.

Supreme Court of Wyoming.

July 18, 1978.

Harry E. Leimback and David B. Park, Casper, for appellant.

V. Frank Mendicino, Atty. Gen., and Glenn A. Williams, Senior Asst. Atty. Gen., Cheyenne, for appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

ROSE, Justice.

Rissler & McMurry Company, a road-building contractor, filed a claim with the Wyoming State Highway Department in compliance with that agency's published claims procedure. The petitioner maintained that additional money under a highway construction contract was due. Its theory was that after the letting, the State changed the contract conditions so materially that they could no longer be performed as the parties contemplated, with the result that the claimant suffered a $43,518.86 loss.

Negotiations ensued, culminating in a hearing before the Commission, which resulted in an adverse decision, whereupon Rissler & McMurry appealed to the district court. The appeal was dismissed upon the motion of the Highway Department grounded in the concept that the appellant's claim was not timely made under § 9–2–332, W.S.1977 [§ 9–71, W.S.1957].[1]

---

1. Section 9–2–332, W.S.1977 [§ 9–71, W.S. 1957], provides:

"Persons having claims against the state shall exhibit the same, with the evidence in support thereof, to the auditor, to be audited, settled and allowed, within one (1) year after such claim shall accrue, and not afterward."

Rissler & McMurry's responsive position was that it had in the past followed the claim-making regulation of the State Highway Department and did so on this occasion—that a claim upon a highway contract was not required to be filed with the State Auditor and, in any event, the statute had in fact been substantially complied with.

On appeal, the district court found, without benefit of any facts except an affidavit of the State Auditor to the effect that no claim had been filed by appellant in his office:

"1. That the decision of the Highway Commission (rejecting Rissler & McMurry's claim) was not without or in excess of the powers of the State Highway Commission of Wyoming; [parenthetical matter ours]

"2. That said decision was not procured by fraud;

"3. That said decision is in conformity with law;

"4. That the Court presumes that said decision was supported by substantial evidence;

"5. That said decision was not arbitrary or capricious and was not characterized by an abuse of discretion;

"6. That Petitioner's claim is barred by the provisions of W.S. 9–71 for the reason that a certified statement of said claim was not filed in the office of the State Auditor within one (1) year from the date said claim accrued."

The only issue with which this court will concern itself is—as identified by the appellant:

"Whether claims under contracts with the Department for highway construction must be filed with the State Auditor or whether a filing with the Commission, the Director of the Department and/or the Department Auditor is sufficient in view of the constitution and the statutes of the State of Wyoming."

Our overriding concern is whether or not the court erred in holding the appellant's claim was barred by the provisions of § 9–2–332, W.S.1977 [§ 9–71, W.S.1957]. We will reverse the trial court on this issue.

*(a) Claims must be filed in contract disputes.*

We have addressed the problem of whether or not § 9–2–332, supra, is applicable to actions on a contract in *Utah Construction Co. v. State Highway Commission*, 45 Wyo. 403, 19 P.2d 951 (1933), and the recent decision of *Wyoming State Highway Department v. Frank D. Napolitano and Norma Napolitano*, Wyo., 578 P.2d 1342.

In *Utah Construction Co., supra,* we said:
"...  The statute giving the right to sue the state highway commission on its contracts cannot be given a meaning that would permit an invasion of the mandatory constitutional provision (article 16, § 7) that prohibits the audit, allowance, or payment of a claim until it has been filed with the auditing officer. The statute authorizing suit does not purport to repeal or modify section 109–305, supra, requiring claims to be exhibited to the auditor within one year after they accrue 'and not afterward.' ..." 19 P.2d, at 953.

We concluded in *Utah Construction Co., supra,* 19 P.2d, at 955, by saying:
"We are of opinion, therefore, that the filing of the plaintiff's claim with the auditing officer was a condition precedent that could not be waived, and, as the petition does not show that the condition had been performed, the demurrer was properly sustained."

The same rule prevails in tort actions. See *Price v. State Highway Commission*, 62 Wyo. 385, 167 P.2d 309, 312. We reaffirmed the rule of *Utah Construction Co.* and *Price* in *Awe v. University of Wyoming*, Wyo., 534 P.2d 97, 102. We reaffirmed all of them in *Wyoming State Highway Department v. Napolitano, supra.*

Yet, the appellant urges that this appeal should be distinguished from the rule of *Utah Construction Co., Price, Awe,* and *Wyoming State Highway Department v. Na-*

*politano.* The finer questions here, then, are—Is there a distinction? If so, is it viable?—Should we adopt it if there is?

It is first the appellant's position that the State Auditor is not the *only* officer who may receive and lawfully process a claim against the Wyoming State Highway Department. Secondly, if it *is* the State Auditor with whom the claim must be filed, under the law and facts here, appellant argues that the claim *was* constructively filed with the State Auditor through compliance with the procedural rules of the State Highway Department[2], and, therefore, there was substantial compliance with § 9–2–332, W.S.1977.

*(b) Is the State Auditor the only officer with whom the claim can be filed against the Wyoming State Highway Department?*

The appellant argues that Article 16, § 7, of the Wyoming Constitution permits

the filing with officers, other than the State Auditor.[3] It is urged that § 9–2–331(a)(i), W.S.1977, [§ 9–69 (First), W.S. 1957][4], the implementing statute, contemplates an audit by other than the State Auditor in certain instances. This being so, reasons the appellant, there is no statute which makes the filing of the claim with the Auditor a condition precedent to recovery. We said as much in *Awe v. University of Wyoming, supra,* when we said, at 534 P.2d 102:

> ". . . We recognize that the requirement as interpreted in those cases *(Utah Construction Co., supra,* and *Price, supra* ) was judicially created because *no statute specifies that the claim is a condition precedent to suit,* . . ." [Emphasis and parenthetical matter supplied]

We went on to say, however, that, even so, we would reaffirm the holdings of *Utah Construction Co.* and *Price*—which, as we have said, held that the State Auditor was

2. It is conceded that at *all* times relevant to this appeal, the Wyoming State Highway Department's 1974 Specification Book provided:

"105.17 CLAIMS FOR ADJUSTMENTS AND DISPUTES. If in any case the Contractor deems that additional compensation is due him for work or material not clearly covered in the contract or not ordered as extra work as defined herein, or that contract time be extended, the Contractor shall notify the Engineer in writing within a reasonable time of his intention to make claim for such additional compensation or extended time. This notification should also specify the basis for the claim. The Engineer will acknowledge receipt of said intention and advise the Contractor that consideration will be given the claim when it is submitted in a formal manner with complete and thorough justification for every item.

"Within sixty (60) days from the date of the Contractor's formal claim, the Department will render to the Contractor a judgment in writing. This judgment shall be final and binding upon both parties to the contract unless the Contractor files within thirty (30) days of the date of said judgment a written notice of appeal with the Secretary of the Highway Commission. Subsequent to the filing of the notice of appeal, the claim will be pursued according to the Contractor's Claim Procedure adopted by the Highway Commission.

"Under no circumstances will a claim be considered if submitted later than sixty (60)

days after publication of first notice of advertisement that work has been accepted as complete.

"If the claim is found to be just, it will be paid on the basis of actual costs to which no percentage will be added. The justification for payment may be based upon an audit by the Department of the Contractor's project records and cost accounting system. Nothing in this subsection should be construed as establishing any claim contrary to the terms of subsection 104.02."

3. Article 16, § 7, of the Constitution of Wyoming, provides:

"No money shall be paid out of the state treasury except upon appropriation by law and on warrant drawn by the proper officer, and no bills, claims, accounts or demands against the state, or any county or political sub-division, shall be audited, allowed or paid until a full itemized statement in writing, certified to under penalty of perjury, *shall be filed with the officer or officers whose duty it may be to audit the same.*" [Emphasis supplied]

4. Section 9–2–331(a)(i), W.S.1977 [§ 9–69 (First), W.S.1957], provides, with respect to the powers of the Auditor, that he shall

"(i) Audit and settle all claims against the state payable out of the treasury, *except only* such claims as may be expressly required by law to be audited and settled by other officers and persons;"

the only officer with whom claims against the State could be filed. See, also, *Wyoming State Highway Department v. Napolitano, supra.*

It must be concluded, then, that, even though the rule is not statutory, *it is judicial* and the claims against the State must be filed according to provisions and requirements of § 9–2–332, W.S.1977. *Utah Construction Co. v. State Highway Commission; Price v. State Highway Commission; Awe v. University of Wyoming;* and *Wyoming State Highway Department v. Napolitano, supra.*

*(c) Was there substantial compliance with § 9–2–332, W.S.1977 [§ 9–71, W.S.1957]?*

■ We assume, as under the condition of the record we believe we have a right to do, a formal claim was presented and processed in accord with the requirements promulgated by the Wyoming State Highway Department, as contained in that department's Rule 105.17, entitled, "Claims for Adjustments and Disputes," and implementing directives. [See, fn. 2]

In this case, Rissler & McMurry submitted the claim within the time and in the manner specified by Rule 105.17 of the Wyoming Highway Department's 1974 Specification Book, as it had done on other occasions without objection or indication ·that, so far as the Highway Department was concerned, this was anything but the proper procedure. The claim was submitted well within the period contemplated by § 9–2–332, supra. The parties negotiated *beyond* the one-year period within which appellant could file with the State Auditor's office—after which the Highway Commission denied the claim and raised § 9–2–332 as grounds for its motion to dismiss in the district court.

The Department and its Highway Commission cannot play these kinds of games to defeat the good-faith claims of contractors with whom they do business in circumstances such as these. Justice would not be served were we to condone a procedure whereby contractors are required to follow the claim procedure established under the rule-making or contracting authority of the Highway Department and then hold that contractors are denied access to the courts for having followed it.

None of the cases cited above, which are prominent with respect to § 9–2–332, *supra,* indicate the filing of any claim whatsoever with the Highway Department, except *Wyoming State Highway Department v. Napolitano,* and we held that even if the claim therein had met the requisite formalities, it would have been untimely. As we observed in *Awe v. University of Wyoming, supra,* at 534 P.2d 100:

"In a lawsuit involving neglect to file a claim before initiating the case, this court held in *Utah Construction Co. v. State Highway Commission,* 1933, 45 Wyo. 403, 19 P.2d 951, that the failure of plaintiffs to present a claim to the state auditor or to the state highway superintendent was fatally defective. The court did not discuss the problem that might be raised as to whether or not the claim should be filed with the superintendent of the Wyoming state highway department or with the state auditor in the light of a statute requiring claims to be approved by the state highway superintendent and closed the subject by saying, ' * * * The point is probably immaterial, as the petition fails to show that the claim was presented to either the state auditor or the highway superintendent.' (Pp. 417–418 of the Wyoming Reports and p. 952 of the Pacific Second Reporter.) The situation is the same here. No formal claim fitting the requirements of Art. XVI, § 7, of the Wyoming Constitution, or § 9–71 has been filed with either the state auditor or the appropriate University of Wyoming official." [Footnote omitted]

None of the cases, therefore, furnish authority for our use in contemplating the substantial-compliance question. In deciding whether there has been substantial compliance with the notice statute, we must first inquire concerning the *purpose* of the statute. We have had something to say about that in the past.

In *Awe v. University of Wyoming, supra,* quoting from *Dias v. Eden Township Hospital District,* 1962, 57 Cal.2d 502, 20 Cal.Rptr. 630, 370 P.2d 334, 335, we said:

"'* * * The principal purpose of such statutes is to give a public entity timely notice of the nature of claims against it so that it may investigate and settle those of merit without litigation. . . .'"

We went on to say, quoting from *Lunday v. Vogelmann,* Iowa 1973, 213 N.W.2d 904, 907:

"'The fundamental motivation attributed to legislatures which have enacted such notice requirements is that where a governmental subdivision is involved the public has an interest it does not have as to claims against private persons in seeing prompt and thorough investigation of claims is made. This protects the public treasury from stale claims. [Citing case.] It permits prompt settlement of meritorious claims and facilitates planning of municipal budgets. [Citing case.] The notice requirement also ensures that notices reach the public officers with responsibility to deal with them and in many instances should enable such officers to remedy defects in far-flung municipal property before other persons are injured.'"

We recognized the purpose of such notice statutes in 1923 when, in *North Laramie Land Co. v. Hoffman,* 30 Wyo. 238, 219 P. 561, 573, aff'd 268 U.S. 276, 45 S.Ct. 491, 69 L.Ed. 953, we identified the purpose of a statute which established a date past which claims for damages could not be filed with a board of county commissioners. In that case we said:

". . . [T]he board is entitled to know the amount of the claims made for and on account thereof, so that it may determine whether or not to make the expense of establishment of a road a burden upon the tax payers of the county, . . ."

The stated purposes of the claims statute have been served under the facts of this case. The filing of the claim under the claims procedures established by the State Highway Department opened the way for prompt and efficient settlement negotiations. There is no charge here that the State was prejudiced by an inability to timely investigate the claim. On the contrary, settlement negotiations occurred and a hearing before the Highway Commission was held in accordance with the state agency's own procedures. In addition, the Highway Department's 1974 Specifications (fn. 2, *supra*) indicate that the justification for payment of a claim may be based on an audit carried on *by the Department.* Whether such a departmental audit would be binding on the State Auditor is a question which admits of some doubt, given the dicta contained in *Utah Construction Co. v. State Highway Commission, supra,* at 952, citing *State ex rel. Suter v. Wilder,* 196 Mo. 418, 95 S.W. 396; 7 Ann.Cas. 158; and *State ex rel. Nolen v. Hackmann,* 276 Mo. 173, 207 S.W. 494. Regardless of the answer to that question, it is apparent that the State—at least insofar as the Highway Department is concerned—has operated under a procedure whereby contract claims against the Highway Department have been fully investigated by the Highway Department. According to the disclosures made in argument before this court, it appeared that whenever the Department reached a settlement or agreement with a contractor, the settlement figure would be certified to the State Auditor for payment. Although the State Auditor retains the authority to carry on an independent investigation of the facts, pursuant to § 9–2–334, W.S.1977 [§ 9–73, W.S.1957],[5] the Highway Department has been initially and primarily

---

5. Section 9–2–334, W.S.1977 [§ 9–73, W.S. 1957], provides:

"The auditor, whenever he may think it necessary, to the proper settlement of any account, may examine the parties, witnesses or others, on oath or affirmation, touching any matters material to be known in the settlement of such accounts, and for that purpose may issue subpoenas, and compel witnesses to attend before him, and give evidence in the same manner and by the same means allowed by law to courts of record."

responsible in this area. In the normal course of business, it would appear that when a claim is approved by the Highway Department and forwarded to the State Auditor for payment, there is no question with respect to compliance with the claims statute—although compliance with that statute cannot be waived by the Highway Department. *Utah Construction Co. v. State Highway Commission, supra,* at 955. By its own actions, then, we conclude that the filing of a claim by the contractor in compliance with the Department's published procedures has the effect of substantially complying with the claims statute.

■ Such a conclusion is consistent with the applicable law on the subject. Where the purpose of a claims-notice statute has been satisfied, through investigation and attempted settlement of a claim, then there is no need to adopt a policy which would render the statute a trap for the unwary. *City of Indianapolis v. Satz,* Ind.App., 361 N.E.2d 1227; and *Croft v. Gulf & Western Industries, Inc.,* 12 Or.App. 507, 506 P.2d 541. Service of notice of a claim on the wrong entity is not always fatal. See, *Elias v. County of San Bernardino,* 68 Cal.App.3d 70, 135 Cal.Rptr. 621; and *Galbreath v. City of Indianapolis,* 253 Ind. 472, 255 N.E.2d 225. Although the facts of the last-mentioned cases are distinguishable, we find the underlying principles equally applicable to a situation where a state agency has established procedures whereby the proper public entity does or should become adequately apprised of the claim asserted against it.

We hold, therefore, that, while the claim must be submitted as required by our interpretation of the requirements of § 9–2–332 in *Utah Construction Co., Price, Awe,* and *Wyoming State Highway Department v. Napolitano,* under the facts of this appeal the statute was substantially complied with.

■ We say, parenthetically, that even though the district court made some findings about fraud, presumption of substantial evidence, and whether or not the agency decision was arbitrary or capricious— there was no justification for such findings. This case was before the district court on the Highway Department's motion to dis-miss for lack of jurisdiction for failure to file a claim with the State Auditor. That was the only issue before the court and the only issue to which the court could properly address its attention.

Reversed and remanded for trial upon the issues.

THOMAS, Justice, dissenting, with whom RAPER, Justice, joins.

I must dissent from the majority decision in this case which would reverse the ruling of the district court and remand the case for further proceedings. I challenge the jurisdiction of the district court and this Court to adjudicate this matter. If jurisdiction should be present an entirely different disposition of the case is dictated by the facts and the pertinent authorities.

In my judgment the events that apparently transpired, or are assumed to have transpired, between Rissler & McMurry Company and the Wyoming Highway Department are not within the purview of the Wyoming Administrative Procedure Act, §§ 9–4–101, et seq., W.S.1977. It appears to me that the Court treats the contacts between Rissler & McMurry Company and the Wyoming Highway Department as a contested case, although it perhaps simply is considering Rissler & McMurry Company to be a person aggrieved or adversely affected by other agency action, in order to invoke the judicial review provisions of § 9–4–114, W.S.1977 and Rule 72.1, W.R. C.P. This is done despite the fact that the majority opinion correctly describes these events in three different places as "negotiations," "the parties negotiated," and "settlement negotiations."

I find nothing here to persuade me that the procedures contemplated by § 105.17 of the Wyoming Highway Department 1974 Standard Specifications for Road and Bridge Construction were anything more than simply a provision incorporated in the contract between Rissler & McMurry and the Wyoming Highway Department for the negotiation of " * * * additional compensation * * * for work or material not clearly covered in the contract * * *," or that these procedures were in any way

intended to be a formal administrative proceeding under the Wyoming Administrative Procedure Act. See *Commonwealth, General State Authority v. Loffredo,* 16 Pa. Cmwlth. 237, 328 A.2d 886 (1974). Indeed, the dismally informal result of these negotiations as manifested by the record presented here, is persuasive that the parties did not intend to be involved in a formal administrative proceeding or hearing. "It is clear * * * that the provisions of our Act although governing contested cases are not applicable to legislative or argumentative-type hearings, * * * ." *Scarlett v. Town Council, Town of Jackson, Teton County,* Wyo., 463 P.2d 26, 29 (1969). Since I conclude that this procedure was one structured under the contract between Rissler & McMurry Company and the Wyoming Highway Department and not a matter committed by law to the Wyoming Highway Department and for that reason not governed by the Wyoming Administrative Procedure Act, I would hold that the district court and this Court do not have jurisdiction to entertain the case for judicial review. See *Pritchard v. State, Div. of Voc. Rehab., Dept. of H.S.S.,* Wyo., 540 P.2d 523 (1975).

In treating the matter as one involving the necessity of the filing of a claim it follows for me that this Court is recognizing an action for money damages by Rissler & McMurry Company against the State of Wyoming. I cannot find in the record any statement of such a claim. Two pleadings appear which were designed to initiate this matter in the district court. One is styled as a "Petition" which seeks judicial review of the denial of Rissler & McMurry Company's claim by the Wyoming Highway Department. The other is styled "Notice of Appeal," and being substantially identical in tenor to the Petition, apparently it is designed for the same purpose. Recognizing that Rule 72.1, W.R.C.P. provides that the relief available in an action for the recovery of money is available by independent action and also available under a petition for review, that approach must assume incidental jurisdiction attaching to a valid petition for review. If in some manner a claim for damages is stated in the pleadings in this record, I would not permit the district court to deal with that claim in the absence of the jurisdiction to review. In such an instance an independent suit should be required.

Turning to the issue the Court chooses to deal with, whether there has here been compliance with the claims filing statute, I take as my point of departure the statute:

"Persons having claims against the state shall exhibit the same, with the evidence in support thereof, *to the auditor,* to be audited, settled and allowed, within one (1) year *after such claim shall accrue,* and not afterward." § 9–2–332, W.S.1977. (Emphasis supplied.)

In invoking the concept of substantial compliance with this statute this Court assumes the existence of a claim which already had accrued when it was presented to the Wyoming Highway Department. My thesis is that no claim did accrue until additional compensation was denied by the Wyoming Highway Commission which it did only by the decision which Rissler & McMurry Company sought to have reviewed in the district court. Under the clear language of our statute the claim is to be exhibited after it accrues. Since at the time of the presentation to the Wyoming Highway Department no claim had accrued such a presentation could not constitute substantial compliance with this statute.

In dealing with statutory procedures analogous to those structured by the Wyoming Highway Department 1974 Standard Specifications for Road and Bridge Construction and the contract between Rissler & McMurry Company and the Wyoming Highway Department, other courts have held that a claim does not accrue for purposes of a limitation on the time in which to file it until the action contemplated by the contractually or statutorily structured procedure has been completed. *Cooke Contracting Company v. State,* 55 Mich.App. 336, 222 N.W.2d 231 (1974); *City of New York v. State,* 40 N.Y.2d 659, 389 N.Y.S.2d 332, 357 N.E.2d 988 (1976); *Edlux Construction Corp. v. State,* 252 App.Div. 373, 300 N.Y.S. 509 (1937), aff'd 277 N.Y. 635, 14 N.E.2d 197 (1938); *Tennessee Gas Transmission Company v. State,* 32 A.D.2d 71, 299

N.Y.S.2d 578 (1969); *Terry Contracting, Inc. v. State,* 27 A.D.2d 499, 280 N.Y.S.2d 450 (1967); *Long Island Lighting Company v. State,* 89 Misc.2d 816, 392 N.Y.S.2d 559 (Ct.Cl.1977); *East Bay Contracting Co. v. State,* 59 Misc.2d 220, 298 N.Y.S.2d 337 (Ct. Cl.1969); *Fehlhaber Corp. v. State,* 52 Misc.2d 1073, 277 N.Y.S.2d 422 (Ct.Cl.1967); *Tomasetti Const. Co. v. State,* 186 Misc. 790, 59 N.Y.S.2d 863 (Ct.Cl.1946); *Commonwealth, General State Authority v. Loffredo, supra; Penn-Jersey Contractors, Inc. v. Commonwealth, General State Authority,* 12 Pa.Cmwlth. 203, 315 A.2d 920 (1974); *Allen N. Lashner, Inc. v. Commonwealth, Department of Highways,* 1 Pa.Cmwlth. 486, 275 A.2d 403 (1971).

The corollary to this rule is that an anticipatory filing of a claim which has not accrued does not constitute the filing, presentation or exhibition of a claim after it has accrued. Rissler & McMurry Company had here no claim to exhibit until the decision of the Wyoming Highway Commission. I would affirm the dismissal by the district court until such time as the record discloses an exhibition of a claim to the state auditor within one year after the decision by the Wyoming State Highway Commission on August 21, 1975. The legal concept of substantial compliance cannot be invoked unless a claim has accrued. Further, there would be need to be concerned about some trap for the unwary contractor if he is given one year after the decision of the Wyoming Highway Commission to file a claim with the auditor.

Neither can I agree that under these circumstances the purpose of the statute has been fulfilled. Among the purposes of a statute such as ours is that of affording an opportunity to arrive at a settlement of the controversy and avoid litigation by a state with its citizens. E. g., *State v. Nunez,* 23 Ariz.App. 462, 534 P.2d 270 (1975); *Bozaich v. State,* 32 Cal.App.3d 688, 108 Cal.Rptr. 392 (1973); *Housing Authority of City of Newark v. Sagner,* 142 N.J.Super. 332, 361 A.2d 565 (1976). This important purpose is precisely what our statute con-

templates. It is problematical what action the state auditor may have taken had the statute been complied with. Under the concept adopted by the majority opinion the state official vested with authority by the legislature to audit, settle and allow the claims is deprived of the opportunity even to consider it, and the purpose of the statute remains unfulfilled.

Finally, I turn to what may well be the most significant aspect of this case. The Court has overruled, sub silentio, *Utah Construction Co. v. State Highway Commission,* 45 Wyo. 403, 19 P.2d 951 (1933). In recognizing a judicial concept of substantial compliance the Court has stripped the legislature of its power to impose conditions upon the legislative waiver of sovereign immunity, and it has silently, but effectively, abolished the longstanding rule of sovereign immunity. *Utah Construction Co. v. State Highway Commission, supra,* holds that the failure to comply with the statute cannot be waived by the executive branch. Substantial compliance as recognized by this Court in this case simply is partial waiver by the judicial branch, under another name. It constitutes a judicial waiver of the immunity of the state from suit, and is a grave breach of the doctrine of separation of powers. If the Legislature of the State of Wyoming wishes to exercise any voice as to what conditions are to be attached to actions against the state on any grounds it had best act promptly.[1]

I conclude that the correct view has been set forth by the Supreme Court of South Carolina in *Hazard v. South Carolina State Highway Department,* 264 S.C. 386, 215 S.E.2d 438, 441 (1975), as follows:

"The Legislature has, in the statutes involved, named several conditions under which the immunity from suit is waived. Among these conditions is the requirement that a verified claim, setting forth the date and place the injury or damage occurred and the amount claimed, must be filed with the governmental agency within one hundred eighty (180) days from the date of injury.

---

1. "Suits may be brought against the state in such manner and in such courts as the legislature may by law direct." Art. 1, § 8, Constitution of the State of Wyoming.

"The statutes make compliance with the foregoing notice requirements a prerequisite to suit. As held in *Cochran v. City of Sumter,* 242 S.C. 382, 131 S.E.2d 153:

'One seeking to avail himself of the consent of the State or a political subdivision thereof to be sued must fully comply with the prescribed terms and conditions of the statute, and the filing of a claim as required by the Act is an essential prerequisite to a right of action.'

"Since the filing of a claim is a condition precedent to the accrual of a cause of action, no vested right could be obtained by a victim of the governmental tort until the claim provisions of the statute have been complied with. There was simply no right to sue in existence until the conditions imposed for the creation of such right had been met. There is, therefore, no merit in appellant's argument that the statute creates immediately a vested right in victims of governmental torts.

\* \* \* \* \* \*

"The argument of appellant that the claim provisions serve no valid public purpose is addressed to the wrong tribunal. The determination of whether the State's immunity from suit shall be waived and under what conditions is a matter for the Legislature to decide. We have consistently held that the authority to waive the State's immunity from suit and the conditions, if any, to be imposed upon such waiver, rests with the legislative branch of the government."

"It is generally held that statutes authorizing suit against the state are to be strictly construed, since they are in derogation of the state's sovereignty." *Harrison v. Wyoming Liquor Commission,* 63 Wyo. 13, 24, 177 P.2d 397, 399 (1947). In this case the Court abandons this concept and affords such a liberal construction that the statute is for all practical purposes repealed. It would seem that in every instance something will occur that can be regarded as substantial compliance.

I would affirm the district court.

RAPER, Justice, dissenting.

I join in the dissent of Justice Thomas but would go further. It is bad enough to erroneously decide a question, as pointed out by Justice Thomas, but if the court even decides the question it has on the record before it, then we may as well throw to the winds all our carefully drawn rules of orderly procedure.

There is nothing before the court for its consideration. The case was brought into the district court as a petition for review under the Administrative Procedure Act. To supplement that petition for review, the petitioner also filed in the district court, not with the Highway Commission, a "notice of appeal," which is identical to the petition for review. In fact, they were both filed on the same date. There is no administrative record of any sort of any administrative hearing, not even a copy of any order of the Wyoming Highway Commission denying the claim of Rissler & McMurry. A final decision is, as I understand it, prescribed by § 9–4–110, W.S.1977:

"A final decision or order adverse to a party in a contested case shall be in writing or dictated into the record. The final decision shall include findings of fact and conclusions of law separately stated. Findings of fact if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings. Parties shall be notified either personally or by mail of any decision or order. A copy of the decision and order shall be delivered or mailed forthwith to each party or to his attorney of record."

In administrative proceedings, this court always considered the findings of fact and conclusions of law to be of utmost importance and this court has remanded cases back through the district court for preparation of adequate findings of fact and conclusions of law. *Pan American Petroleum Corporation v. Wyoming Oil and Gas Conservation Commission,* Wyo., 1968, 446 P.2d 550. Here, there is not only no decision, but no findings of fact and conclusions of law. There is not only no decision, including findings of findings of fact and conclusions

of law, but there is no record. The Administrative Procedure Act provides, in § 9–4–107(*o*), W.S.1977:

"(*o*) *Record.*—The record in a contested case must include:

"(i) All formal or informal notices, pleadings, motions, intermediate rulings;

"(ii) Evidence received or considered including matters officially noticed;

"(iii) Questions and offers of proof, objections, and rulings thereon;

"(iv) Any proposed findings and exceptions thereto;

"(v) Any opinion, findings, decision or order of the agency and any report by the officer presiding at the hearing."

There was therefore nothing before the district court to review and there is nothing before this court to review. Without a record, it is impossible for this court to hand down a considered decision.

I am not sure but what the petitioner Rissler & McMurry may have had in mind that it filed a complaint but called it a petition for review and "a notice of appeal." The State may have looked at it that way because it filed an answer and set up an affirmative defense, later filed an amended answer and set up a second affirmative defense and finally filed a third amended answer and set up a third affirmative defense. However, the district court ended up making a strange order treating the proceedings as a petition for review in which he made at least one odd finding:

"4. That the Court *presumes* that said decision was supported by substantial evidence;" (Emphasis added.)

It went through the motions of following § 9–4–114(c), W.S.1977, in limiting its determination to the five items there set out.

The whole affair—I cannot dignify it by calling it a case—is a spurious proceeding from beginning to end and is neither an administrative appeal nor direct action— not fish, not fowl. If it is an administrative review, the matter should be remanded to the district court with instructions to, in turn, remand it to the Wyoming State Highway Commission to hold a hearing and conform to the Wyoming Administrative Procedure Act.

If the "petition for review" is to be considered as a complaint and the case is to be treated on the answers filed by the state, then the motion to dismiss should properly be allowed because this court has repeatedly held that a condition precedent to the filing of a lawsuit requires that a claim be filed with the state auditor. *Utah Construction Co. v. State Highway Commission,* 1933, 45 Wyo. 403, 19 P.2d 951; *Price v. State Highway Commission,* 1946, 62 Wyo. 385, 167 P.2d 309; *Awe v. University of Wyoming,* Wyo. 1975, 534 P.2d 97, reh. den., and most recently, *Wyoming State Highway Department v. Napolitano,* Wyo. 1978, 578 P.2d 1342.

I see no reason to scold the highway department. It had a duty under these outlandish circumstances to raise the question, it being impossible to determine just what sort of a proceeding was before the court.